**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4169**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY ANTONIO WALKER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Raymond A. Jackson, District Judge. (4:15-cr-00075-RAJ-RJK-1)

Submitted: October 15, 2019                    Decided: October 31, 2019

Before NIEMEYER and QUATTLEBAUM, Circuit Judges, SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Alexandria, Virginia, Suzanne V. Katchmar, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia, for Appellant. Dana J. Boente, United States Attorney, Alexandria, Virginia, Amy E. Cross, Special Assistant United States Attorney, Newport News, Virginia, Richard D. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Antonio Walker appeals from the judgment of conviction entered after his guilty plea to Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 1951(a) (2012) (count 1), and possessing and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (2012) (count 2). Walker challenges the district court's denial of his motion to dismiss count 2 of the indictment, arguing that the district court should have dismissed this count because Hobbs Act robbery does not qualify as a crime of violence under 18 U.S.C. § 924(c). We affirm.

We "review de novo a district court's denial of a motion to dismiss an indictment where the denial depends solely on questions of law." *United States v. Said*, 798 F.3d 182, 193 (4th Cir. 2015). An offense under 18 U.S.C. § 924(c) arises when a defendant uses or carries a firearm during and in relation to or brandishes a firearm in furtherance of a "crime of violence." 18 U.S.C. § 924(c)(1)(A). Subsection (c)(3) of § 924 defines the term "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). This section is known as the § 924(c) force clause. *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015). Subsection (c)(3) of § 924 also defines a crime of violence as a felony offense "that by its nature, involves substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). This section is known as the § 924(c) residual clause. *Fuertes*, 805 F.3d at 498.

Walker argues that Hobbs Act robbery does not qualify as a crime of violence under the § 924(c) force clause and also does not qualify as a crime of violence under the § 924(c) residual clause because, following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015) (holding residual clause of Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) (2012), is unconstitutionally vague), that clause is unconstitutionally vague. Although the § 924(c) residual clause is unconstitutionally vague following *Johnson*, *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019); *United States v. Simms*, 914 F.3d 229, 232-33, 252 (4th Cir.) (en banc), *cert. denied*, No. 18-1338, 2019 WL 4923463 (U.S. Oct. 7, 2019), "Hobbs Act robbery constitutes a crime of violence under the force clause of [§] 924(c)," *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019). The district court's determination in its order denying Walker's motion to dismiss that Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c) thus does not amount to reversible error.

Accordingly, we remove this appeal from abeyance[*] and affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We previously placed this appeal in abeyance for No. 15-4433, *United States v. Ali*. In light of our decision in *Mathis*—which disposes of Walker's challenge to the district court's determination that Hobbs Act robbery qualifies as a crime of violence under the force clause of § 924(c)—we remove this appeal from abeyance and affirm.